# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN JEWELERS, INC.,<br><br>    Defendant.<br>_____/ | Case No. 1:20-cv-01831-JLT-BAK (SKO)<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED**<br><br>(Doc. 12)<br><br>**OBJECTIONS DUE: 21 DAYS** |

On April 22, 2022, Plaintiff Brian Whitaker ("Plaintiff") filed a motion for default judgment against Defendant Kevin Jewelers, Inc. ("Defendant"), pursuant to Fed. R. Civ. P. 55(b) (the "Motion"). (Doc. 12). No opposition to the Motion was filed. (*See* Docket.) After having reviewed the papers and supporting material, the matter was deemed suitable for decision without oral argument pursuant to E.D. Cal. Local Rule 230(g), and the Court vacated the hearing set for June 1, 2022. (Doc. 14.) For the reasons set forth below, the undersigned recommends that the Motion be denied without prejudice.[1]

---

[1] The motion for default is referred to the undersigned by E.D. Cal. Local Rule 302(c)(19) for the entry of findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B).

I.    **BACKGROUND**[2]

On December 30, 2020, Plaintiff filed a complaint against Defendant pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and the California Unruh Act (the "Unruh Act"), California Civil Code § 51 *et seq*. (Doc. 1 (the "Complaint").) The Complaint seeks an award of statutory damages, costs of suit, attorney's fees, and injunctive relief. *Id.* Plaintiff alleges that Defendant owns the Kevin Jewelers located at 5701 Outlets at Tejon Pkway, Tejon Ranch, California (the "Business"). (Doc. 1, ¶¶ 2, 3.) Plaintiff further alleges that he is a quadriplegic and requires the use of a wheelchair for mobility (Doc. 1, ¶ 1), and the Business failed to provide wheelchair accessible sales counters, thus creating "difficulty and comfort" for Plaintiff and denying him full and equal access. (Doc. 1, ¶¶ 10–17.)

According to the proof of service filed by Plaintiff, Defendant was served on January 11, 2021, by substituted service on Defendant's agent M. Savoji by serving "Teresa Guzman, Manager" at 5701 Outlets at Tejon Pkway # 835 Arvin, CA 93203 (the "Tejon Address"), which is the location of the Kevin Jewelers Plaintiff visited. (Doc. 4 at 1; Doc. 1, ¶ 8.) Copies of the documents were also mailed to M. Savoji at the same Tejon Address. (*Id.*)

Defendant did not respond to the Complaint. (*See* Docket.) Plaintiff requested the Clerk of Court to enter default against Defendant on May 31, 2021; it was entered on April 1, 2021. (Docs. 6, 7.) On April 22, 2022, Plaintiff filed a motion for default judgment against Defendant, which is currently pending before Court. (Doc. 12.)

II.    **DISCUSSION**

**A.    Legal Standard**

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a). It is within the sole discretion of the court as to whether default judgment should be entered. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default by itself does not entitle a plaintiff to a court-ordered

---

[2] Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Accordingly, the factual background is based on the allegations of the Complaint.

judgment. *See id.* Instead, the Ninth Circuit has determined a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The *Eitel* factors include (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.*

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1992). In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys., Inc.*, 826 F.2d at 917.

"In addition, before awarding a default judgment against a defendant, the court must determine the adequacy of service of process, as well as the court's jurisdiction over the subject matter and the parties." *Sentinel v. Komar*, No. 119CV00708DADEPG, 2021 WL 1346025, at *6 (E.D. Cal. Apr. 12, 2021) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *Kaldawi v. Kuwait*, 709 F. App'x 452, 453 (9th Cir. 2017); *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007)).

**B.     Analysis**

Service of a complaint in federal court is governed by Federal Rule of Civil Procedure 4. Under Rule 4, a corporation may be served by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed. R. Civ. P.

1  4(h)(1)(B).  Alternatively, service on a corporation may be made in accordance with state law. Fed. R. Civ. P. 4(e)(1), (h)(1)(A).  California Code of Civil Procedure § 416.10 ("Section 416.10") provides that a corporation may be served by delivering a copy of the summons and complaint to a person designed as agent for service of process or other specified persons associated with the corporation, including a general manager or a person authorized by the corporation to receive service of process.  Cal. Code. Civ. P. § 416.10(a), (b).  A "general manager" includes "any agent of the corporation 'of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made.'"  *Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F. Supp. 2d 1224, 1226 (C.D. Cal. 2008) (quoting *Gibble v. Car–Lene Research, Inc.*, 67 Cal. App. 4th 295, 313 (1998)).

California law also permits substitute service on the person to be served to effectuate service on a corporation "by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."  Cal. Civ. Proc. Code § 415.20(a).

Here, the proof of service indicates that Defendant was served by substituted service on Defendant's agent Mr. Savoji by serving "Teresa Guzman, Manager" at the Kevin Jewelers located at the Tejon Address.  (Doc. 4 at 1; Doc. 1, ¶ 8.)  Copies of the documents were also mailed to Mr. Savoji at the Tejon Address.  (*Id.*)  However, although California Secretary of State's website confirms that the agent for service of process for Defendant is M. Savoji, the address listed for the agent for service is 550 S. Hill St, Ste 1344, Los Angeles, California, 90013 (the "Hill Address"), not the Tejon Address that the process server attested to completing service at.  *See* CALIFORNIA SECRETARY OF STATE BUSINESS SEARCH, https://bizfileonline.sos.ca.gov/search/business (last visited June 14, 2022).  Indeed, Exhibit 5 attached in support of the Motion, which appears to include a printout of the California Secretary of State's website, indicates that the Hill Address is the mailing address for Mr. Savoji and

4

Defendant.  (*See* Doc. 12-7, Ex. 5.)

As an initial matter, the undersigned notes that the Motion does not include a discussion of whether and why Plaintiff's service of Defendant was adequate.  Upon review of the proof of the service, the undersigned finds that Defendant has not been properly served.  First, with regard to Rule 4(h)(1)(B) and Section 416.10, there is no evidence that Ms. Guzman is a person designated as an agent for service of process.  The evidence before the Court indicates that Mr. Savoji is the authorized agent to accept service on behalf of Defendant.  (*See* Doc. 12-7, Ex. 5.)  Plaintiff also has not presented any evidence that Ms. Guzman is an officer or agent of Defendant's of such rank that service on her would be adequate.  The proof of service appears to indicate only that Ms. Guzman is the manager of that particular Kevin Jewelers location at the Tejon Address, not the manager of the corporation Kevin Jewelers, Inc.  (*See* Doc. 4 at 1.)  *See Gastelum v. Cent. Valley Hosp. LLC*, No. 1:21–CV–01079–JLT–SAB, 2022 WL 2072839, at *8 (E.D. Cal. June 9, 2022) ("Nothing in the record demonstrates Ms. Early is a 'general manager' of Central Valley Hospitality, LLC within the sense contemplated by [Section 416.10]; at most, she appears to be a 'general manager' at the Hotel, which is where Ms. Early was served.  California courts have held these job titles are not equivocal for purposes of effecting service on a corporate entity.") (citing *Bakersfield Hacienda Inc. v. Superior Court,* 199 Cal. App. 2d 798, 803 (1962) (holding that service on the general manager of an individual motel site did not constitute adequate service of process on the corporation that owned the hotel)); *Rutherford v. Church's Chicken*, No. EDCV182030MWFSHKX, 2019 WL 1723138, at *3 (C.D. Cal. Jan. 10, 2019) ("[I]t is unclear how Ms. Herrere, as a 'Shift Manager,' is so integrated with Church's Chicken that she would know what to do with the Summons and Complaint or how she holds a position as to make it reasonable to imply that she is authorized to receive service on behalf of Church's Chicken as a corporation").

Defendant was also not properly been served via substituted service.  As mentioned above, California law permits service on a corporate defendant via substituted service on a designated agent or corporate officer "during usual office hours in his or her office[.]"  Cal. Code Civ. P. § 415.20(a).  As discussed above, Mr. Savoji, not Ms. Guzman, is Defendant's agent for service, and

Plaintiff has failed to demonstrate that the Kevin Jewelers location at the Tejon Address is Mr. Savoji's office. Defendant's statement of information submitted to the California Secretary of State lists the Hill Address in Los Angeles as Defendant's principal and mailing address, as well as Mr. Savoji's address. (CALIFORNIA SECRETARY OF STATE BUSINESS SEARCH, https://bizfileonline.sos.ca.gov/search/business (last visited June 14, 2022)). (*See* Doc. 12-7, Ex. 5.) Accordingly, the undersigned finds that substituted service on Defendant was not effective because service was not made at the correct place of business. *See, e.g.*, *Gastelum*, 2022 WL 2072839, at *8 (finding requirements for substituted service on corporate defendant were not met where the plaintiff served the manager of a particular hotel location rather than the listed agent for service of process at the corporate entity's principal and mailing address); *Gomez v. Blue Daisy Inc.*, No. 2:21–CV–04917–MCS–GJS, 2022 WL 1841613, at *1 (C.D. Cal. Jan. 11, 2022) (finding no effective substituted service on corporate defendant, whose business address was in Los Angeles, where documents were left with a restaurant manager in Santa Monica because "[n]othing in the record indicates that the agent for service of process has an office at the restaurant or that the restaurant is the agent's usual mailing address").

For these reasons, the Court finds that Defendant has not been adequately served and will recommend that the Motion be denied without prejudice.

### III.    CONCLUSION AND RECOMMENDATION

Based on consideration of the declarations, pleadings, and exhibits to the present motion, it is HEREBY RECOMMENDED that Plaintiff's motion for default judgment (Doc. 12) be DENIED without prejudice to renewal upon a showing of adequate service on Defendant.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **June 15, 2022**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE